This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                              **NO. 34,603**

**NELSON COLEMAN,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen Townsend, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}    Defendant Nelson Coleman appeals from the district court's judgment, entered following a de novo bench trial, finding him guilty of various traffic-related offenses, including DWI (impaired to the slightest degree). [RP 106] Unpersuaded by

Defendant's docketing statement, we issued a notice of proposed summary disposition proposing to affirm. Defendant has filed a memorandum in opposition to our notice. We remain unpersuaded and therefore affirm.

{2} Defendant presents two issues in this appeal. First, he challenges the sufficiency of the evidence to support his conviction. [DS 7; MIO 5-6] With respect to that issue, in our notice, we recounted the evidence presented at trial, and proposed to conclude that there was sufficient direct and circumstantial evidence to support the conclusion that Defendant drove while intoxicated. We also explained why we believed that *State v. Cotton*, 2011-NMCA-096, ¶¶ 14-15, 150, N.M. 583, 263 P.3d 925, which Defendant relied on, was distinguishable from the present case and why it supported our proposed conclusion that there was sufficient evidence to support Defendant's conviction.

{3} In response, Defendant does not explain why our proposed disposition is incorrect. Rather, he continues to assert that there was insufficient evidence to support his conviction because according to him, there was no evidence that (1) the accident was due to his intoxication, (2) he became intoxicated prior to the accident, or (3) Defendant himself smelled of alcohol. [MIO 6] We are not persuaded by Defendant's arguments. These assertions were fully addressed by this Court's proposed disposition and Defendant has not presented any authority or argument that convinces this Court

that our proposed disposition was incorrect. *See State v. Ibarra*, 1993-NMCA-040, ¶ 11, 116 N.M. 486, 864 P.2d 302 ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law."). Further, we note that even if Defendant is correct that there was no evidence presented that he smelled of alcohol, the remaining direct and circumstantial evidence, as set forth in our proposed disposition, is still sufficient to support his conviction. Accordingly, we reject Defendant's sufficiency challenge for the reasons set forth above and in our proposed disposition.

{4}     With respect to Defendant's second issue, *i.e.*, that the district court erred in allowing certain testimony by the Archers relating to a post-incident conversation they had with Defendant, we likewise perceive no error. Our proposed disposition explained that Defendant gave inadequate factual information and that Defendant failed to indicate whether the issue had been preserved. In his three-sentence response, Defendant provided the same information that had already been presented in the docketing statement. [DS 4, 7, 8 ; MIO 7] Accordingly, Defendant has failed to convince this Court that the district court erred and we decline to address this issue any further. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error);

*State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

{5}     Based on the foregoing, we affirm.

{6}     **IT IS SO ORDERED.**

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

**MICHAEL E. VIGIL, Chief  Judge**

**TIMOTHY L. GARCIA, Judge**

4